United States District Court
Southern District of Texas
**ENTERED**
December 02, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Manda Nelson, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action H-15-2231 |
| § | |
| Genuine Automobile Parts § | |
| doing business as § | |
| Napa, Inc., § | |
| § | |
| Defendant. § | |

## Opinion on Dismissal

1.   *Introduction.*

Manda Nelson sued Napa, Inc., for racial discrimination and for treating her differently after she filed a workers' compensation claim. Because some of her claims are precluded by statute and the others are unsubstantiated by even her most basic facts, her claims will dismissed with prejudice.

2.   *Background*

On April 20, 2007, Napa hired Nelson to work as a puller or stocker. While at work in April 2014, she fell off a shelf and injured her ankle and back. She went to see Napa's physician. The physician ordered her assigned to light duty. Nelson says that light duty means that she would work in the office; she says it does not include shifts where she would pick-up trash, stoop, bend, and clean nine-foot tall shelves.

Sometime in 2014, Nelson filed a claim with Texas Workers' Compensation. She says that after she filed it, Napa began singling her out from Hispanic employees for dress-code violations. She says that her manager sent her home several times without pay because her shorts were too short, distracting employees and customers. She also says that Hispanic women were allowed to work light-duty assignments in short shorts without being sent home.

On September 23, 2014, Nelson mailed Patricia Osborne, Napa's human resources

representative, a letter complaining about racial discrimination. Three days later, she says that she heard Osborne tell another employee that Osborne wanted the same thing as her supervisor: Nelson unemployed by the company. She says that this made her "believe that this meant Ms. Osborne didn't want me employed with [Napa]." She did not return to work. She does not say when she was officially terminated by Napa. On September 29, Nelson says she was sent home pending an investigation into her complaints.

On October 2, 2014, she filed a complaint with the Equal Employment Opportunity Commission. On April 2, 2015, the Commission told her that it was ending its case and she had ninety days to bring a lawsuit against Napa. On August 3, 2015, she sued Napa for (a) race discrimination in violation of 42 U.S.C. 1981 and Title VII, and (b) because it fired her for filing a workers' compensation claim.

3. *Title VII*

For claims of discrimination under Title VII, Nelson is required to sue Napa within ninety days of receiving her right-to-sue letter from the Commission. Although she did not attach it to her complaints, the court recognizes the letter attached to the motion to dismiss of Napa as a copy of the public document sent by the Commission. She filed this lawsuit 123 days after the Commission issued her the letter – 33 days after the deadline to file. Her Title VII claims are precluded by statute.

This claim will be dismissed with prejudice.

4. *Workers' Compensation Claim*

To state a claim for retaliation under the Texas Workers' Compensation Act Nelson has plausibly to show (a) she was participating in a protected activity; (b) she suffered an adverse employment action; and (c) that the two are causally connected.

She has not pleaded that she was constructively terminated.

Rather than giving a factual basis for her claims, her amended complaint consists of a frayed string of unsubstantiated conclusions and recitations of the law. She has not established when she filed her workers' compensation claim, when or why she was officially terminated, or a reasonable connection between them. She also does not identify a comparable employee that was treated differently than she was. Taking her at her word, Nelson says she chose to stop showing up for work because of speculative, chit-chat; her choice is not attributable to Napa.

This claim will be dismissed with prejudice.

5.  *Equal Rights Act*

To state a claim under federal civil rights statutes guaranteeing equal rights under the law, Nelson has to plausibly show that she (a) is member of a protected class; (b) is qualified for the position; (c) was subject to an adverse employment action; and (d) was treated differently than others outside her class who were similarly situated.

Nelson is non-hispanic Caucasian. If the amended complaint is generously read, she says that Napa treated her differently than Hispanic employees twice. First, when it sent her home from work for wearing shorts that were too revealing, and, second, when it did not assign her to light-duty work. She does not provide reasonable facts that explain how she was treated differently than others because of her non-hispanic status nor does she identify the Hispanic employees that were treated better than she was.

Even if she could show that some Hispanic employees were not sent home for wearing equally-short shorts or were assigned to light-duty work, she still would not describe a claim entitled to relief. Federal civil right statutes were not intended to be used as a means to analyze every decision made by an employer; that statutes were meant to prevent employers from discriminating by race during meaningful employment actions – hiring, firing, promoting, or paying. She has not established that she was terminated, not promoted, or underpaid by Napa because of her class. Reprimands, snide comments, hurt feelings, or suppositions about what one supervisor might have been thinking do not constitute an adverse employment action.

This claim will be dismissed with prejudice.

6.  *Conclusion*

Because some of Nelson's claims are precluded by statute and the rest are not substantiated by specific facts that establish she could plausibly be entitled to relief, her claims will be dismissed with prejudice.

Signed on December  1 , 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge